IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN MOONEY AND JONATHAN BONNETTE, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil No. 3:24-CV-0279-K |
| v. | § § | |
| ASHFORD, INC. | § § | |
| Defendant. | § § § | |

## ORDER

Before the Court is the Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 33) and Brief in Support (Doc. No. 34) (together, the "Motion") filed by Plaintiffs Sean Mooney and Jonathan Bonnette ("Plaintiffs"). The Court has carefully reviewed the Motion and the Settlement Agreement (Doc. No. 35 at 4-33) between Plaintiffs and Defendant Ashford Inc. ("Defendant"). After careful consideration of said filings, the applicable law, and any other relevant portions of the record, the Court finds the requested relief is justified and, therefore, **GRANTS** the Motion. Further, the Court preliminarily concludes that the proposed settlement is fair, reasonable, and adequate. (All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement. (Doc. No. 35)).

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs Sean Mooney and Jonathan Bonnette as the Class Representatives, the appointment of Joe Kendall of the law firm Kendall Law Group, PLLC, David K. Lietz of the law firm Milberg Coleman Bryson Phillips Grossman, LLC, and Kevin Laukaitis of the law firm Laukaitis Law LLC as Class Counsel for the Settlement Class, the approval of Kroll as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> **All Persons residing in the United States who received notice from Ashford that their information was involved in the Data Incident.**

The "Data Incident" refers to the unauthorized access to Defendant's data environment which occurred on or about September 20, 2023.

3. Based on the information provided, for the purposes of settlement only: the Settlement Class is ascertainable; it consists of roughly 46,906 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information potentially

implicated in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Settlement Class and allege they have been damaged by the same conduct as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Litigation.

4. The Court appoints Plaintiffs Sean Mooney and Jonathan Bonnette as the Class Representatives.

5. The Court appoints Joe Kendall of the law firm Kendall Law Group, PLLC, David K. Lietz of the law firm Milberg Coleman Bryson Phillips Grossman, LLC, and Kevin Laukaitis of the law firm Laukaitis Law LLC as Class Counsel for the Settlement Class.

6. The Court appoints Kroll as the Settlement Administrator.

7. <u>A Final Approval Hearing shall be held before the Court on **August 27, 2025 at 10:30 a.m.**</u>, for the following purposes:

    a) To determine whether the proposed settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b) To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c)    To determine whether the notice plan conducted was appropriate;

    d)    To determine whether the claims process under the settlement is fair, reasonable and adequate and should be approved by the Court;

    e)    To determine whether the requested Class Representative Service Awards of $2,500.00 each, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund ($156,666.67) plus reasonable out-of-pocket litigation expenses should be approved by the Court;

    f)    To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    g)    To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the notices (including the Postcard Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Unopposed Motion for Preliminary Approval of Class Litigation Settlement, and finds that such notice plan meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, Settlement Administration, claims processing, and other execution of the proposed settlement:

## SETTLEMENT TIMELINE

| From Date of Order Granting Preliminary Approval | |
|---|---|
| Defendant provides Class Member Information to the Settlement Administrator | +10 days after preliminary approval order |
| Long Form and Postcard Notices Posted on the Settlement Website | +30 days after preliminary approval order |
| Class Notice Date | +30 days after preliminary approval order |
| Plaintiffs' Counsel's motion for Fees and Expenses and Service Awards | +75 days after preliminary approval order (+45 days after Class Notice Date) |
| Objection Deadline | +60 days after Class Notice Date |
| Request for Exclusion Deadline | +60 days after Class Notice Date |
| Claims Deadline | +90 days after Class Notice Date |
| | |
| **Final Approval Hearing** | |
| Motion for Final Approval | + 30 days after Claims Deadline |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Plaintiffs' Counsel's Fees and Expenses and Service Awards | +14 days after Effective Date |
| Payment of Approved Claims to Settlement Class Members | +60 days of Effective Date |
| Settlement Website Deactivation | +180 days after Effective Date |

10. In order to be a timely claim under the settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Class Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Postcard Notice and posted on the Settlement Website after the Court enters this Order in accordance with the timeline being keyed on the date this Order is granted.

11. Additionally, all requests to opt out or object to the proposed settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Class Notice Date. Any request for exclusion from the settlement should, to the extent possible, contain words or phrases such as "opt-out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement to Kroll. Requests for Exclusion shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll, or Class Counsel. Settlement Class Members who seek to exclude themselves shall receive no benefit or compensation under this Agreement.

12. Settlement Class Members may submit an objection to the proposed settlement under Federal Rule of Civil Procedure 23(e)(5). For an objection to be valid, it must be postmarked by or received by the Settlement Administrator no later than 60 days after the Class Notice Date and include each and all of the following:

(i) the objector's full name, current address, current telephone number, and be personally signed,

(ii) the case name and case number, *Mooney et al. v. Ashford Inc.*, Civil Action No. 3:24-cv-00279-K, pending in the United States District Court for the Northern District of Texas,

(iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received,

(iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s),

      (v)    copies of any other documents that the objector wishes to submit in support of his/her position,

      (vi)    whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and

      (vii)    whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

Any objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the settlement agrees to submit to any discovery related to the objection.

    13.    All Settlement Class Members shall be bound by all determinations and judgments in this Litigation concerning the settlement, including, but not limited to, the releases, including the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Ashford Inc. or any of the Released Parties in this Litigation.

    14.    Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendant Ashford Inc. or the other Released Parties.

15. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Ashford, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

16. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed settlement. The Court may approve the settlement, with such

modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

**SO ORDERED.**

Signed February 11th, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE