UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAN MOONEY AND JONATHAN BONNETTE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ASHFORD, INC.<br><br>    Defendant. | Civil Action No. 3:24-cv-00279-K |

### ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

Before the Court are: (1) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 44), Brief in Support (Doc. No. 45), and Appendix in Support (Doc. No. 46) (together, the "Motion for Final Approval"); and (2) Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs and for Service Awards to Plaintiffs (Doc. No. 42) and Brief in Support (Doc. No. 43) (together, the "Motion for Fees"). The Court held a Final Approval Hearing on August 27, 2025. The Court has carefully considered the Motion for Final Approval, the Motion for Fees, the Amended Settlement Agreement and Release between Plaintiffs and Defendant Ashford, Inc., the relevant portions of the record, the applicable law, and the submissions and arguments presented by counsel at the hearing. The Court finds that the Motion for Final Approval and Motion for Fees should be, and hereby are,

**GRANTED**.

Accordingly, it is **ORDERED**:

1. The Court, for the purposes of this Final Approval Order, adopts the defined terms as set forth in the Amended Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Amended Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Amended Settlement Agreement was entered into in good faith, at arm's length and without collusion. The Court approves and directs consummation of the Amended Settlement Agreement.

3. The Court approves the Releases provided in Section IV(7)(c) of the Amended Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Amended Settlement Agreement, and for purposes of the Settlement and Amended Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. On March 20, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Doc. No. 41) (the "Amended Preliminary

Approval Order") that preliminarily approved the Amended Settlement Agreement and established a hearing date to consider the final approval of the Amended Settlement Agreement.

7. The Court's Amended Preliminary Approval Order approved the Short Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. The 94.92% reach rate supports a finding that the Notice Program was sufficient.

8. The Court finds that the distribution of the Notices has been achieved pursuant to the Amended Preliminary Approval Order and the Amended Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

9. The Court finds Ashford has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

10. The Court grants final approval to its appointment of Plaintiffs Sean Mooney and Jonathan Bonnette as the Class Representatives. The Court finds that the Class Representatives are similarly situated to absent Class Members, are typical of the Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

11. The Court grants final approval to its appointment of Class Counsel as

provided in the Amended Preliminary Approval Order (Doc. No. 41), appointing Joe Kendall of the law firm Kendall Law Group, PLLC, David K. Lietz of the law firm Milberg Coleman Bryson Phillips Grossman, LLC, and Kevin Laukaitis of the law firm Laukaitis Law LLC.

12. The Court grants final approval to its appointment of Kroll Settlement Administration, LLC as the Settlement Administrator.

13. The Court certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Amended Settlement Agreement:

> **All Persons who have been identified as having their Personal Information potentially affected by the Data Incident.**

The "Data Incident" refers to the unauthorized access to Ashford's data environment which occurred on or about September 20, 2023.

14. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Class of 48,461 is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the

Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

15.    The Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Amended Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Ashford could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, hereby determines that:

a) Plaintiffs and Class Counsel have adequately represented the proposed Class;

b) the terms of the Amended Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Ashford;

c) the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

d) it is possible the proposed Class could receive more if the Litigation were

5

to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Ashford could defeat class certification;

e) the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f) the Parties have in good faith determined the Amended Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Class Members;

g) the aggregate consideration for the Class is commensurate with the claims asserted and being released as part of the Settlement; and,

h) the terms of the Amended Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

16. Therefore, pursuant to Rule 23(e), the terms of the Amended Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Amended Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all

pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

17.  The Court approves the distribution and allocation of the Settlement Fund under the Amended Settlement Agreement. To the extent that any funds remain after the allocation of the Settlement Fund pursuant to the terms of the Amended Settlement Agreement, the Unclaimed Property in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. If, in a re-distribution of Remainder Funds, each Settlement Class Member were to receive over $5.00, such secondary redistribution will be made; if not Remainder Funds will be sent to a non-sectarian, not-for-profit organization recommended by Class Counsel and approved by the Court.

18.  This Final Approval Order, and all statements, documents, or proceedings relating to the Amended Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Ashford of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Ashford or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

19.  This Final Approval Order, and all statements, documents or proceedings relating to the Amended Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an

admission or concession or evidence of any liability or wrongdoing by Ashford, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Amended Settlement Agreement and this Final Approval Order may be filed in any action by Ashford, Class Counsel, or Class Members seeking to enforce the Amended Settlement Agreement or the Final Approval Order.

20. The Amended Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Ashford that Plaintiffs' claims, or any similar claims, are suitable for class treatment.

21. The Court approves payment of attorneys' fees in the amount of $161,666.67, plus $2,141.78 in litigation expenses. These amounts shall be taken out of the Settlement Fund pursuant to the terms of the Amended Settlement Agreement. The Court finds this amount to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained for Settlement Class members.

22. The Court approves service awards in the amount of $2,500.00 to each of the Settlement Class Representatives, to be paid from the Settlement Fund. The Court finds these amounts to be reasonable in light of the service performed by the Settlement Class Representatives on behalf of the Settlement Class.

23. The Settlement Administrator shall pay the Court-approved attorneys' fees, litigation costs, and service awards set forth above within fourteen (14) business days after the Effective Date.

24. The Court further approves and authorizes the payment from the Settlement Fund to cover the Settlement Administrator's costs.

25. The Court dismisses with prejudice all claims of the Class against Ashford in the Litigation, without costs and fees except as explicitly provided for in the Amended Settlement Agreement.

26. Finding no just reason for delay, the Court expressly directs that this Final Approval Order shall constitute a final judgment that is binding on the settling parties and the Settlement Class.

**SO ORDERED.**

Signed September 3rd, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE